■ In the Matter of WALTER A. MORAN, Petitioner, v PATRICK V. MURPHY, as Police Commissioner of the City of New York, Respondent.— Determination of respondent Police Commissioner of the City of New York, dated September 16, 1971, finding petitioner guilty of making a false statement during the course of a hearing before the Civilian Complaint Review Board, annulled on the law, without costs and disbursements, the petition is granted and the charge is dismissed. Petitioner was found guilty after a departmental hearing of making a false statement during the course of a prior hearing before the Civilian Complaint Review Board (CCRB), to wit, that he requested an ambulance to attend to one Romero at the 44th Police Precinct. The background of the departmental hearing may be briefly

summarized as follows: Romero was arrested by petitioner and another officer on May 25, 1968 and brought to the precinct. He made a complaint to the CCRB that he had been assaulted by the arresting officers. After the CCRB hearing in December, 1969, specifications were lodged against the officers for brutality and for the afore-mentioned false statement. The departmental trial commenced on July 28, 1971, some 20 months after the CCRB hearing and 38 months after the arrest. After the departmental hearing, the hearing officer concluded that Romero was "generally unworthy of belief" and "had taken a dose of heroin immediately prior to his apprehension and apparently was groggy at the precinct". The arresting officers were found to be not guilty of the assault charge. It was agreed that Romero had suffered an injury, petitioner attributing the cause to Romero's striking his head on the police car as he resisted being placed in the vehicle. Nevertheless, the hearing officer found that the arresting officers' "story about calling for an ambulance and that an ambulance arrived at the precinct is not true." The only evidence in the record supporting the respondent's determination is the statement of Romero that no ambulance ever arrived at the precinct. Petitioner testified that he requested that an ambulance be summoned, which request was made to a Lieutenant Arnoff, who was on desk duty, that an ambulance arrived from Morrisania Hospital and that when the attendant sought to administer to Romero, the latter refused aid. Petitioner opined that the attendant was a Mr. Johnson. Under these circumstances, given the status of Romero's credibility as perceived by the hearing officer and the physical condition of Romero at the relevant time in that he was under narcotic influence, and the acceptance of the arresting officers' assertions that they did not assault Romero, it must be concluded that there is no substantial evidence in the record to support the respondent's determination. Noting testimony at the CCRB interview urged by the arresting officers that "an ambulance attendant did arrive and did attempt to swab the blood off Romero," the hearing officer apparently predicated his conclusion that such testimony was false by observing that "[n]o documentary proof was offered by the [arresting officers] to support their contention that an ambulance had been called and had arrived at the precinct." While petitioner could have subpoenaed the attendance of Lieutenant Arnoff at the hearing or the records of Morrisania Hospital in order to establish his claim, his inaction does not cure the void in respondent's proof. Clearly, respondent knew of petitioner's contentions prior to the departmental hearing and should have been ready to produce the records and call such witnesses as are necessary to establish the charge of false statement. An appellate court in rendering an informed appellate determination is bound by objective data, most generally that exhibited and delineated in and by the record. The record herein simply does not support respondent's determination. Concur—Markewich, J. P., Murphy, Lupiano and Birns, JJ.; Nunez, J., dissents in the following memorandum: Following conflicting testimony by a civilian complainant (Romero) and petitioner police officer (Moran), the trial police commissioner credited Romero and found the officer guilty of falsely testifying that an ambulance from Morrisania Hospital had arrived at the precinct where Romero was being held prisoner. Romero testified that no ambulance arrived at the station house and that the next day he received medical treatment at a hospital for fractured ribs inflicted by Moran. Apparently the trial commissioner was not satisfied with the proof offered to sustain a finding that the injuries were inflicted in the manner testified to by Romero and he found Moran not guilty of that charge. He did believe, however, that Moran testified falsely

as to the calling and attendance of the ambulance, and he found him guilty of making a false statement. Romero's clear testimony that no ambulance responded, together with Moran's admission that no record was ever made by the police department of an ambulance arriving, was more than sufficient predicate for the guilty finding. The extremely light sanction of forfeiture of five days' vacation pay was imposed in 1971. The determination, supported by substantial evidence of a competent and probative nature, should be sustained. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) The controversy was put to rest more than five years ago. I find no justification whatever to revive this stale matter.